UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. CALIHAN, | No. 2:13-cv-1982-TLN-EFB P |
| Plaintiff, | |
| v. | SCREENING ORDER |
| G. MURPHY, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983.[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Review of the complaint here, as explained below, reveals that it must be dismissed with leave to amend.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

1

1 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
2 *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
3 While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
4 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S.
5 Ct. 1937, 1949 (2009).

6       To avoid dismissal for failure to state a claim a complaint must contain more than "naked
7 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
8 action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of
9 a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*,
10 129 S. Ct. at 1949.

11       Furthermore, a claim upon which the court can grant relief must have facial plausibility.
12 *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual
13 content that allows the court to draw the reasonable inference that the defendant is liable for the
14 misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a
15 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
16 *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to
17 the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

18       Here, plaintiff alleges that defendant Murphy placed him in administrative segregation
19 based upon allegations that plaintiff had made written threats against staff. According to the
20 complaint, these allegations were based on information provided by another inmate. Plaintiff
21 claims that the allegations were false. ECF No. 5 at 5. The complaint alleges that Murphy was
22 assigned to conduct a "threat" assessment as required by prison policy, but he failed to do so.
23 Plaintiff says he wrote the defendant about the threat assessment but received an "absurd reply."
24 *Id.* at 6. Plaintiff claims he never received a rules violation report but was housed in
25 administrative segregation for nearly eight months. Plaintiff claims that while in segregation, he
26 was denied phone calls, contact visits, and sufficient exercise. He claims this amounted to cruel
27 and unusual punishment in violation of the Eighth Amendment, as well as violations of his rights
28 to due process and equal protection under the Fourteenth Amendment. *Id.* at 5-6.

1    The complaint fails to allege facts demonstrating each of the required elements for a claim
2 under section 1983.  Given the vague and conclusory nature of plaintiff's allegations, coupled
3 with the standards set forth below governing plaintiff's intended claims for relief, the complaint
4 must be dismissed for failure to state a claim upon which relief may be granted.  To proceed,
5 plaintiff must file an amended complaint.

6    In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal
7 constitutional or statutory right; and (2) that the violation was committed by a person acting under
8 the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d
9 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the
10 facts establish the defendant's personal involvement in the constitutional deprivation or a causal
11 connection between the defendant's wrongful conduct and the alleged constitutional deprivation.
12 *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44
13 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable
14 for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937,
15 1948 (2009).  Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff
16 must plead that each Government-official defendant, through the official's own individual
17 actions, has violated the Constitution."  *Id.*  It is plaintiff's responsibility to allege facts to state a
18 plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969
19 (9th Cir. 2009).

20   The Eighth Amendment protects prisoners from inhumane methods of punishment and
21 from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.
22 2006).  To show a violation of the Eighth Amendment, plaintiff must allege facts sufficient to
23 support a claim that prison officials knew of and disregarded a substantial risk of serious harm to
24 the plaintiff.  *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124,
25 1128 (9th Cir. 1998).  Extreme deprivations are required to make out a conditions of confinement
26 claim, and only those deprivations denying the minimal civilized measure of life's necessities are
27 sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,
28 503 U.S. 1, 9 (1992).

To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). State regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). In the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The inmate must also receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Id. at 454 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

"To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted).

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

1 constitutional right if he does an act, participates in another's act or omits to perform an act he is
2 legally required to do that causes the alleged deprivation). It must also contain a caption
3 including the names of all defendants. Fed. R. Civ. P. 10(a).

4     Any amended complaint must be written or typed so that it so that it is complete in itself
5 without reference to any earlier filed complaint. L.R. 220. This is because an amended
6 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
7 earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114
8 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
9 being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
10 1967)).

11     Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil
12 Procedure, this court's Local Rules, or any court order may result in this action being dismissed.
13 *See* E.D. Cal. L.R. 110.

14     Accordingly, IT IS HEREBY ORDERED that the complaint is dismissed with leave to
15 amend within 30 days. The amended complaint must bear the docket number assigned to this
16 case and be titled "First Amended Complaint." Failure to comply with this order will result in
17 this action being dismissed for failure to state a claim. If plaintiff files an amended complaint
18 stating a cognizable claim the court will proceed with service of process by the United States
19 Marshal.

20 Dated: July 2, 2014.

              EDMUND F. BRENNAN
              UNITED STATES MAGISTRATE JUDGE

5