UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. CALIHAN,<br><br>            Plaintiff,<br><br>    v.<br><br>G. MURPHY,<br><br>            Defendant. | No. 2:13-cv-1982-TLN-EFB P<br><br>RECOMMENDATION OF DISMISSAL <u>PURSUANT TO 28 U.S.C. § 1915A FOR FAILURE TO STATE A CLAIM</u> |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A, he has filed an amended complaint.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In the amended complaint (ECF No. 13), plaintiff alleges that defendant Murphy housed him in administrative segregation based upon his belief that plaintiff made threats against staff. Murphy allegedly violated prison policies because he failed to conduct a threat assessment.

/////

1

Plaintiff claims that the allegations against him were false and that he was never issued a rules violation report.  Plaintiff also claims he was housed in administrative segregation for around eight months under the following conditions: no phone calls; limited exercise; no contact visits; limited canteen; and confined to his cell for around 22.5 hours a day.  Plaintiff claims that his rights were violated under the Eighth Amendment and under the equal protection and due process clauses of the Fourteenth Amendment.   In dismissing the original complaint with leave to amend (ECF No. 12), the court informed plaintiff of the standards governing his intended claims for relief.   Plaintiff's amended complaint fails to correct the deficiencies in his claims.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  To show a violation of the Eighth Amendment, plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).

State regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

In the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).  The inmate must also receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to

1 call witnesses and present documentary evidence in his defense; and (3) a written statement by
2 the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454
3 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

4      "To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must
5 show that he was treated in a manner inconsistent with others similarly situated, and that the
6 defendants acted with an intent or purpose to discriminate against the plaintiff based upon
7 membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th
8 Cir. 2005) (internal quotations omitted).

9      Plaintiff's amended complaint fails to cure the defects in his claims.  First, there are no
10 facts alleged to support an equal protection claim.  Plaintiff alleges no facts demonstrating
11 disparate treatment based on class based animus.  Further, the facts alleged do not support an
12 Eighth Amendment claim.  There are no facts showing that Murphy knew of and disregarded a
13 substantial risk of serious harm to plaintiff by housing him in administrative segregation or that
14 placement therein caused any injury to plaintiff.  Lastly, plaintiff fails to properly state a due
15 process claim because the allegations do not show that his eight-month sentence implicated a
16 protected liberty interest or that he was denied any of the necessary procedural protections set
17 forth in *Wolff*.  While plaintiff alleges he was denied various privileges while confined in
18 administrative segregation, numerous cases have held that there is no protected liberty interest in
19 avoiding similar conditions. *Compare Sandin*, 515 U.S. at 486 (30 days disciplinary segregation
20 is not atypical and significant) *with Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (indefinite
21 solitary confinement in harsh conditions, combined with revocation of parole eligibility held
22 sufficient to invoke Due Process protections) *and Brown v. Or. Dept. of Corrections*, 751 F.3d
23 983, 988 (9th Cir. 2014) (27-month confinement in intensive management unit implicated liberty
24 interest). *See also Hewitt v. Helms*, 459 U.S. 460, 467 & n.4 (1983), *abrogated in part on other*
25 *grounds by Sandin*, 515 U.S. at 480-84 (even "severe hardships" imposed by segregation, such as
26 "denial of access to vocational, educational, recreational, and rehabilitative programs, restrictions
27 on exercise, and confinement to [one's] cell for lengthy periods of time," do not give rise to a
28 protected liberty interest); *Ortiz v. Thomas*, No. CV 09-0396-PHX-MHM, 2009 U.S. Dist. LEXIS

29891, at *10-11 (D. Ariz. Mar. 25, 2009) (seven months in administrative segregation, on lockdown 23 hours a day, five days a week, is not atypical and significant); *Medina v. Dickinson*, No. 2:10-cv-0502-LKK-AC, 2013 U.S. Dist. LEXIS 9166, at *26-27 (E.D. Cal. Jan. 23, 2013) (nine months in administrative segregation, accompanied by a loss of visiting privileges and access to educational and vocational programs, "are not atypical and significant hardships when compared to the burdens of ordinary prison life"). Moreover, the allegation that plaintiff was placed in administrative segregation on "false" charges does not, in and of itself, implicate a constitutional right. *See Rupe v. Beard*, No. CV-08-2454-EFS, 2013 U.S. Dist. LEXIS 180415, at *24 (E.D. Cal. Dec. 23, 2013) ("While Plaintiff maintains that he was charged with false reports, the Due Process Clause does not make one free from false accusations, but merely provides procedural protections to defend against false accusations").

Despite notice of the complaint's deficiencies and an opportunity to amend, plaintiff is unable to state a proper claim for relief. Therefore, this action must be dismissed without leave to amend for failure to state a claim upon which relief could be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY RECOMMENDED that the amended complaint (ECF No. 13) be dismissed for failure to state a claim upon which relief may be granted and that the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 29, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE